**Cleveland SCOTT, Petitioner–Appellant,**

v.

**Anthony LaMARQUE, Warden, Respondent–Appellee.**

No. 00–16555.

DC No. CV 99–04747 SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 7, 2001.

859

Before NOONAN, HAWKINS, and
TASHIMA, Circuit Judges.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts

## MEMORANDUM *

Cleveland Scott appeals an order of the district court dismissing his petition for writ of habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm the district court's order. We also deny Scott's motion to broaden the certificate of appealability ("COA").

■ Scott correctly asserts that the amendments to 28 U.S.C. § 1915 made by the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, § 804, 110 Stat. 1321–66, 1321–73 to –75, do not apply in habeas proceedings. *Naddi v. Hill,* 106 F.3d 275, 277 (9th Cir.1997). The district court, however, did not erroneously require Scott to comply with the filing fee provisions of the PLRA; rather, the court dismissed Scott's case because of his failure to obey the court's order either to pay the five dollar filing fee or to show cause why he could not do so. Nor was Scott prevented from complying with the district court's order by extraordinary circumstances. The circumstances articulated by Scott may have prevented him from timely paying the fee; they do not explain, however, why he could not timely have informed the court of the reason he could not pay the fee, and thus comply with the order.

■ We reject Scott's argument that he is entitled to equitable tolling because he reasonably relied on the district court's representations. The district court's dismissal of Scott's first petition without prejudice and its subsequent explanation that his late payment did not reopen his case certainly did not constitute permission from the court for Scott to refile his case regardless of the statute of limitations. *Cf. Lefkowitz v. Fair,* 816 F.2d 17, 21–22

of this circuit except as provided by Ninth Cir. R. 36–3.

(1st Cir.1987). Scott's contention that the district court erred by failing to consider factors he raised in favor of his claim is contradicted by the record. The court did not summarily reject his claim without considering his arguments; it simply reasoned that the petition should be dismissed, not for Scott's failure to pay the fee, but for his failure to comply with the court's order to show cause.

Finally, we deny Scott's motion to broaden the COA for the same reason-the basis for the dismissal was Scott's failure to comply with the court's order to show cause. The right to amend a mixed petition and to have the filing date relate back to the first, timely petition, discussed in *Anthony v. Cambra*, 236 F.3d 568 (9th Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001), is inapposite.

AFFIRMED.